QUESTION: Do the provisions of ss. 104.37(5) and 104.373, F.S., apply to political advertisements by a group, club, association, or other organization for the purpose of endorsing or opposing the recall of a municipal or charter county officer?
SUMMARY: The provisions of ss. 104.37(5) and 104.373, F.S., apply to political advertisements by a group, club, association, or other organization (except organizations affiliated with political parties regulated by Ch. 103, F.S.) for the purpose of endorsing or opposing the recall of a municipal or charter county officer. The provisions of s. 104.37(5), F.S., require the inclusion of certain specified information in any political advertisement sponsored by "any group, club, association, or other organization, except organizations affiliated with political parties regulated by Chapter 103" when such political advertisement is for the purpose of ". . . endorsing the candidacy of one or more candidates for public office or for purpose of endorsing or opposing any referendum. . . ." (Emphasis supplied.) Similarly, s. 104.373, F.S., requires the filing of a statement containing certain specified information by an entity within the scope of the statute ". . . which intends to endorse the candidacy of one or more candidates for public office or which endorses or opposes any referendum by means of political advertisements. . . ." (Emphasis supplied.) It is clear from the italicized language in the portions of the statutes quoted above that ss. 104.37(5) and 104.373, supra, regulate political advertisements sponsored by the entities described in the statutes with respect to "any referendum." It is equally clear that a vote upon the question of whether or not to recall a city or county official is, technically, a referendum election. And I can conceive of no reasonable basis for excluding such an election from the scope of the statutes in question relating to political advertisements. Accordingly, I have the view that a recall election under the provisions of Ch. 74-130, Laws of Florida [s. 100.361, F.S. (1974 Supp.)] — which involves the submission of an issue to the voters of the municipality or charter county — is a referendum within the meaning of ss. 104.37(5) and 104.373. Further, in the recent case of State v. Brown, !mLN!x So.2d !mLN!x (4 D.C.A. Fla., Case No. 73-505, decided August 9, 1974), the court quoted at length from AGO 064-3 and stated: We agree with the state's position that . . . the prohibitions of and penalties for corrupt practices contained in Chapter 104 apply to all elections in this state, including municipal elections. (Emphasis supplied.) It should be noted, however, that the provisions of s. 104.37(5) and s. 104.373, supra, are limited in their application to the publication or distribution of political advertisements, and compliance with the disclosure requirements of the statutes in question is not a prerequisite to all political activity by an entity within their scope. Further, inasmuch as s. 1(9) of Ch. 74-130, supra [s. 100.361(9), F.S. (1974 Supp.)], provides that "[n]o expenditures for campaigning for or against an officer being recalled shall be made until the date on which the recall election is to be held is publicly announced," the provisions of ss. 104.37(5) and 104.373 would not come into play in a recall proceeding until such time as the date of the recall election was announced and it became permissible under s. 1(9) to make expenditures for political advertisements and other types of campaigning. In this respect it should also be noted that s. 1(9) further provides that the committee which circulates the recall petitions as well as the officer whom it is sought to recall are subject to the campaign financing provisions of Ch. 106, F.S.